IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| COREY BLAINE COGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 124-042 |
| | ) |
| MICHAEL THOMAS, Warden, Dodge State Prison, | ) |
| | ) |
| Respondent. | ) |

_____

**O R D E R**

_____

Petitioner Corey Blaine Coggins, through counsel, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2024, Respondent moved to dismiss the petition as untimely, arguing the federal petition had been filed over two hundred days after the one-year statute of limitation in 28 U.S.C. § 2244(d) had expired. (See doc. no. 12-1, p. 5.) Respondent pointed out Petitioner had made no argument that equitable tolling should apply, but even if he had, Petitioner could not show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (Id. at 7.) Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In response, Petitioner does not address the *two* prongs applicable to a claim for equitable tolling, (doc. no. 14, p. 13), but he does argue his "actual innocence" provides a gateway through which an otherwise barred petition may be considered, (id. at 1-2). See

McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  Because Petitioner had not previously argued he was entitled to any type of tolling, and because Respondent, recognizing the absence of such, made no arguments regarding an actual innocence exception to the statute of limitations, the Court **DIRECTS** Respondent to address Petitioner's tolling arguments, including the so-called "actual innocence gateway" exception, in a reply brief to be filed no later than July 19, 2024.

SO ORDERED this 1st day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA