IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| COREY BLAINE COGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 124-042 |
| ) | |
| MICHAEL THOMAS, Warden, Dodge ) | |
| State Prison, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 21.) Petitioner does not offer any new facts or arguments that warrant deviating from the Magistrate Judge's recommendation to dismiss the petition as untimely. Rather, the objections continue the pattern in Petitioner's opposition to the motion to dismiss of attempting to argue the merits of the untimely federal claims without first satisfying the demanding requirements of the "exceedingly narrow in scope" actual innocence gateway exception. San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted). For example, Petitioner asks the Court to address the merits of an untimely ineffective assistance claim regarding an allegedly improper joint defense agreement "[i]n order to demonstrate that [he] is actually innocent." (Doc. no. 21, p. 3.) However, the task currently before the Court is to determine whether the

actual innocence exception should allow for consideration of the otherwise untimely petition, not rule on the performance of trial counsel in the first instance.

The well-settled case law requires that Petitioner's effort to pass through the actual innocence gateway be supported "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Calderon v. Thompson, 523 U.S. 538, 559 (1998) (recognizing the actual innocence gateway standard is narrow and demanding, and "in virtually every case, the allegation of actual innocence has been summarily rejected." (citation omitted)). Petitioner has not met his heavy burden to pass through the gateway, as explained in the Magistrate Judge's thorough evaluation of the record. In sum, Petitioner has not established – either by way of legal argument or presentation of conflicting facts – "that in light of the new evidence, no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (citations omitted); see also Rivera v. Humphrey, No. CV 113-161, 2017 WL 6035017, at *10 (S.D. Ga. Dec. 6, 2017) ("This 'new' evidence must do more than counterbalance the evidence that sustained the petitioner's conviction. [It] must be so significant and reliable that, considered with the trial record as a whole, it undermines confidence in the result of the trial" and shows "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." (citation omitted)).

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, (doc. no. 12), and **DISMISSES** the instant petition, brought pursuant to 28 U.S.C. § 2254, as untimely.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 4th day of December, 2024, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.